UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LYNELL KING,

    Plaintiff,

v.

KEVIN R. CHAPPELL,

    Defendant.

Case No. 14-cv-03650-JST (PR)

**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**

## INTRODUCTION

On August 12, 2014, plaintiff, an inmate at San Quentin State Prison (SQSP), filed this pro se civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis. His complaint is now before the court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
3   statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon
4   which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order
5   to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation
6   to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
7   and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations
8   must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.
9   Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts
10  to state a claim to relief that is plausible on its face."  Id. at 570.

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a
12  right secured by the Constitution or laws of the United States was violated; and (2) that the
13  violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.
14  42, 48 (1988).

15  **II.    Legal Claims**

16  The complaint has several deficiencies that require an amended complaint to be filed.
17  First, the complaint does not comply with Federal Rule of Civil Procedure 20(a).  Rule 20(a)(2)
18  provides that all persons "may be joined in one action as defendants if: (A) any right to relief is
19  asserted against them jointly, severally, or in the alternative with respect to or arising out of the
20  same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law
21  or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Plaintiff's
22  complaint includes a wide variety of claims, including:  conspiracy, deliberate indifference to
23  safety, deprivation of his right to marry, retaliation, deprivation of property, and denial of access
24  to the courts.  The complaint indicates the events happened on several different dates, and are
25  against different defendants.  In his amended complaint, plaintiff may only allege claims that
26  (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and
27  (b) present questions of law or fact common to all defendants named therein.  Plaintiff needs to
28  choose what claims he wants to pursue that meet the joinder requirements.

2

Second, plaintiff alleges that he has been transferred many times. His claims arise out of events occurring at Pleasant Valley State Prison (PVSP) prior to November 2011, at Deuel Vocational Institution (DVI) from November 2011 to March 2013, and at SQSP from March 2013 to the time he filed this action. The claims against PVSP defendants occurred in Fresno County, which lies within the venue of the Eastern District of California. The claims against DVI defendants occurred in San Joaquin County, which also lies within the venue of the Eastern District of California. Accordingly, the claims against the prison officials of PVSP and DVI are DISMISSED without prejudice to plaintiff's filing actions in the Eastern District.

Plaintiff's remaining claims are against defendants at SQSP, which lies in this district. As to these claims, however, the complaint provides an extremely limited description of the problem. Plaintiff gives only the following description of events at SQSP:

> Plaintiff is informed and believe [sic], that prison officials at San Quentin has [sic] been effectively interfering with my access to the Courts since I arrived. Plaintiff further believes that prison officials has [sic] assigned someone to my case to interfere with my meaningful access to the courts.
>
> . . .
>
> On or about May 22, 2013 prison officials systematically devised a scheme to circumvent my meaningful access to the courts by refusing to provide me with indigent envelopes to correspond with the courts.
>
> . . .
>
> Plaintiff complains of continuing interference by San Quentin official [sic] with my meaningful access to the courts has frustrated or impeded plaintiff from bringing non-frivolous claim about denial of equal protection and access to the courts, also the constant possibility of imminent danger of being assaulted.

(Compl. at 28, 32, 35.)

Plaintiff states many times that prison officials are interfering with his access to the courts, but does not state what actions officials have taken that have had that effect. Prison inmates have a constitutionally protected right to access the courts in order to bring challenges to their criminal convictions and to the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996). Prison officials may not actively interfere with an inmate's ability to access the courts.

3

Silva v. Di Vittorio, 658 F.3d 1090, 1102-03 (9th Cir. 2011). When a prisoner alleges such interference, he must demonstrate actual injury such as the inability to meet a filing deadline or to present a non-frivolous claim. Lewis, 518 U.S. at 348-49, 352-53 & n. 3; Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011); Silva, 658 F.3d at 1102-03. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement of which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. Lewis, 518 U.S. at 351. Actual injury is a jurisdictional requirement and may not be waived. Nevada Dept. Of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 349). Here, the complaint does not state a claim for denial of access to the courts because plaintiff does not allege specifically what non-frivolous claim or claims he sought to pursue, how the prison impermissibly hindered his pursuit of any such claims, and what actual injury plaintiff suffered. Leave to amend will be granted so that plaintiff may attempt to allege more specifically how his constitutional rights were violated at SQSP, if he can do so in good faith.

In addition to the deficiencies discussed about, plaintiff has a Doe defendant problem. Other than SQSP Warden Kevin Chappell, the SQSP defendants are merely identified as "Doe" defendants. If plaintiff files an amended complaint, he is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that the person identified as a Doe cannot be served with process until he or she is identified by his or her real name. If plaintiff files an amended complaint, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the Doe defendants and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

4

In his amended complaint, plaintiff must also "set forth specific facts" regarding what each defendant did, or did not do, that violated his federal constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice. Plaintiff should also identify the approximate date of each incident, to the extent he can do so. Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Finally, plaintiff's claims against the SQSP defendants appear not to have been exhausted through the administrative grievance procedures. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). While the plaintiff attaches to his complaint copies of his administrative grievances at DVI, plaintiff does not specifically address exhaustion of the grievance procedures at SQSP. In his amended complaint, plaintiff must show that he fully exhausted his administrative remedies as to claims at SQSP. Any claim not fully exhausted will be dismissed.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against the PVSP and DVI defendants are DISMISSED.

2. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff must file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 14-3650 JST (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

5

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 3, 2014

_____
JON S. TIGAR
United States District Judge